# Exhibit B

*Walgreen Co. v. Humana et al.*
**Case No. 22-cv-307-ACR**

| | |
|---|---|
| **From:** | Schnorrenberg, David <DSchnorrenberg@crowell.com> |
| **Sent:** | Tuesday, February 16, 2021 7:35 PM |
| **To:** | Robinson, Frederick |
| **Cc:** | Coleman, Selina P.; Ruttinger, George |
| **Subject:** | RE: Walgreens |

==EXTERNAL E-MAIL - From DSchnorrenberg@crowell.com==

Rick,

Thank you for your email today and yesterday (the Presidents Day holiday). I'm sorry that I could not get back to you sooner. I was out today, attending to the needs of my elderly father. I am pleased to report that he succeeded in getting his second vaccination today.

We have been looking into your requests. It appears from our records that Walgreens Co. and Walgreens Boots Alliance Co. were not clients of Crowell in 2008. Crowell represented an affiliate company Walgreens Health Initiatives, Inc. ("WHI"). My understanding is that WHI is no longer affiliated with Walgreens Co., its stock having been sold to Catalyst Health Solutions in 2011. In light of this understanding, I don't believe Crowell can accede to a request to turn over to Walgreens Co. any WHI client files it might have.

Perhaps it would make sense for us to find a time to discuss this tomorrow. I have copied my colleague George Ruttinger, who I would like to be on any call we have. Neither he nor I work on the Humana/Walgreens U&C matter.

Best,

David

David M. Schnorrenberg
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2664
Fax: (202) 628-5116
dschnorrenberg@crowell.com

---

**From:** Robinson, Frederick <FRobinson@reedsmith.com>
**Sent:** Tuesday, February 16, 2021 2:17 PM
**To:** Schnorrenberg, David <DSchnorrenberg@crowell.com>
**Cc:** Coleman, Selina P. <SColeman@reedsmith.com>
**Subject:** Walgreens

[External Email]

David,

We have not yet received any response to the potential conflict matter that we raised to Crowell & Moring on Wednesday, February 10; discussed with you on Thursday, February 11; and followed up on through correspondence to you on Monday, February 15.  As we discussed and as stated yesterday, this is a matter of urgency as to which Walgreens requires a rapid response.  Accordingly, if Crowell has not committed by 8 p.m. Eastern today: (1) to provide, by no later than this Thursday, all of the memos, notes, emails, research, and any other work product or information related to work that Crowell performed on behalf of Walgreens at any time, including billing invoices and timekeeping records related to that work, or (2) to provide all of these materials on a timeline that ensures prompt delivery and that Walgreens accepts, then Walgreens will initiate legal action by the end of the week to obtain the requested materials.

As you know, Walgreens authorized the release of its files to Reed Smith on February 11, and we asked for this information, as well as information about Crowell's conflicts check, that same day.  District of Columbia Rule of Professional Conduct 1.16(d) provides that "[i]n connection with any termination of representation, a lawyer shall . . . surrender[ ] papers and property to which the client is entitled."  D.C. Rules of Prof'l Conduct R. 1.16(d).  The District of Columbia has adopted the majority "entire file" approach, and requires the surrender of "all material that the client or another attorney would reasonably need to take over the representation of the matter, material substantively related to the representation, and material reasonably necessary to protect or defend the client's interests," including the former attorney's opinion work product.  D.C. Ethics Op. 333 (2005).

As we discussed on February 11, Walgreens needs these files immediately based on our discovery, of which we notified Crowell on Wednesday, February 10, that in Fall of 2008, Crowell, acting at least through attorneys Art Lerner, Christine Rinn, Chandra Westergaard, and Lauren Kim, provided legal advice to Walgreens relating to pharmacy discount cards, including a discussion of the impact of such discount cards on Walgreens' reporting of "usual and customary prices" to third party payers.  As discussed, we understand that Crowell provided similar advice to Walgreens related to a proposed enhancement to the Prescription Savings Club.  Finally, we understand that at least one of the lawyers advising Walgreens, Ms. Rinn (now Clements) was affiliated with Crowell & Moring in 2017 when it began advising Humana regarding the matters at issue in the current arbitration.

Walgreens will also need your commitment by 8 p.m. today that you agree to be appropriately screened from working substantively on any matters in which Crowell is acting adversely to Walgreens, and to act as our contact to address this matter, including in raising this conflict issue with the AAA.  We plan to be in touch with the AAA this week to ensure it is apprised of Crowell's potential conflict, which, once confirmed, would almost certainly render any arbitration award against Walgreens unenforceable.  Please let us know if you wish to be included you in that discussion.

Finally, we would note that on February 10, we stated that we expected Crowell to refrain from performing any further work in the Humana-Walgreens arbitration.  Given that Crowell attorneys sent us a substantive email last night on the Humana matter, Crowell is proceeding at its own risk by continuing to act adversely against its former client.  Walgreens reserves all of its rights in this matter.

We look forward to hearing from you by 8 p.m. Eastern today.  Thank you.

**Robinson | Partner**
ReedSmith LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C.  20005-3373
Direct +1 202-414-9259

Mobile +1 202-262-4268
Fax +1 202-414-9299
frobinson@reedsmith.com
Pronouns: He/Him/His



\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01