UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WALGREEN CO.,<br>200 Wilmot Road<br>Deerfield, Illinois 60015<br><br>     Petitioner,<br><br>  v.<br><br>HUMANA HEALTH PLAN, INC., HUMANA INSURANCE COMPANY and HUMANA PHARMACY SOLUTIONS, INC.,<br>500 West Main Street<br>Louisville, Kentucky 40202<br><br>     Respondents. | Civil Action No. 1:22-cv-307-ACR |

**JOINT MOTION TO ENTER PROPOSED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 7(b) and the Court's minute order of June 1, 2023, the parties respectfully move this Court to enter a scheduling order for: (1) discovery related to (a) Rule 1.9 of the District of Columbia Rules of Professional Conduct, and (b) the grounds on which Walgreen Co. (Walgreens) is seeking to vacate the arbitration award; (2) briefing related to Rule 1.9; and (3) briefing related to Walgreens' Amended or Second Amended Petition to Vacate and Respondents' Amended or Second Amended Motion to Confirm (together, the Filings).

Although the parties agree on the date for completing discovery on the Rule 1.9 issue and corresponding briefing deadlines, they have different views on certain matters, including the process and timing for filing the "pleadings" that frame the case and for submitting Rule 1.9 evidentiary materials to Your Honor and the need to reinstate the prior filings. Accordingly, the parties first present the proposed deadlines upon which they agree, and then present their respective

views regarding the issues upon which they disagree, which the parties are happy to address further at the June 14, 2023 hearing.

I.   **Jointly Proposed Deadlines**

- **June 16, 2023 – Protective Order and Non-Waiver Order:** By this date, the parties will submit to the Court a proposed protective order and a proposed non-waiver order as to privilege under Federal Rule of Evidence 502(d).

- **June 26, 2023 – Submission of Subset of Conflicts Documents:** Pursuant to the Court's June 12, 2023 email to the parties, the parties will submit to the Court the subset of documents that Walgreens previously proposed to share with the Court.

- **June 30, 2023 – Motions To Seek Discovery In This Court:** The parties will move by this date to seek discovery in this case related to the parties' Filings.

- **July 11, 2023 – Affirmative Briefing Related To Interplay With D.C. Superior Court Action:** The parties shall file briefs on the effect of a decision in this proceeding on *Walgreen Co. v. Crowell & Moring LLP* (Crowell), No. 2021 000861 B (Sup. Ct. D.C.) (the D.C. Superior Court Action) and vice versa.

- **July 25, 2023 – Responsive Briefing Related To Interplay With D.C. Superior Court Action:** The parties shall file response briefs on the effect of a decision in this proceeding on the D.C. Superior Court Action and vice versa.

- **August 31, 2023 – Anticipated Completion of Fact Discovery Relevant to Filings:** The parties anticipate completion of fact discovery in the D.C. Superior Court Action and in this action sufficient for the Court to decide the Rule 1.9 issue and other grounds raised in the parties' Filings.

- **September 27, 2023 – Affirmative Briefing Related To Rule 1.9:** The parties shall file briefs on whether Crowell has violated Rule 1.9. The parties may file some or all of their briefs and/or accompanying exhibits under seal, provided that if they elect to do so, they file a motion to seal by October 4, 2023.

- **October 27, 2023 – Responsive Briefing Related To Rule 1.9:** The parties shall file response briefs on whether Crowell has violated Rule 1.9. The parties may file some or all of their briefs and/or accompanying exhibits under seal, provided that if they elect to do so, they file a motion to seal by November 3, 2023.

In addition, the parties agree that by Walgreens previously having filed its Petition to Vacate (Dkt. No. 1) and its Amended Petition to Vacate (Dkt. No. 30), Walgreens satisfied the requirement set forth in 9 U.S.C. § 12 that "[n]otice of a motion to vacate . . . an award must be

served upon the adverse party or his attorney within three months after the award is filed or delivered." Walgreens requests that the Court recognize this agreement and confirm that Walgreens has satisfied the timing requirement under 9 U.S.C. § 12, as set forth in the proposed order submitted with this motion.

**II.     Party-Specific Positions On Discovery And Briefing**

    **A.     Walgreens' Statement**

In addition to the above jointly proposed briefing deadlines, Walgreens proposes a schedule for Your Honor to receive evidence relevant and material to the Rule 1.9 issue in advance of the parties' submission of briefing on that issue and before the parties' submissions on Walgreens' Second Amended Petition to Vacate and Respondents' Second Amended Motion to Confirm (together, the Second Amended Filings), and a briefing schedule for the parties' Second Amended Filings.

Specifically, Walgreens proposes the following deadlines, which Walgreens believes would enable Your Honor—and any experts retained by the parties or the Court—to have access to the full evidentiary record of fact discovery relevant and material to the Rule 1.9 dispute in advance of the briefing deadlines set forth above.

- **July 14, 2023 – Submission Of Existing Discovery Relevant To Rule 1.9 –** The parties shall submit to the Court existing documents and testimony from the D.C. Superior Court Action that either party deems to be relevant to the question of whether Crowell has violated Rule 1.9. Each party will identify and submit its materials by this date.

- **September 8, 2023** – **Submission of Supplemental Discovery Relevant to Rule 1.9**: The parties shall supplement their July 14, 2023 submissions to the Court with additional documents and testimony that either party deems to be relevant to whether Crowell has violated Rule 1.9. Each party will identify and submit its materials by this date.

Moreover, Walgreens also proposes the following briefing schedule for the parties' Second Amended Filings, which would follow a ruling from Your Honor on the Rule 1.9 issue:

- **21 days after the Court issues its ruling on whether Crowell has violated Rule 1.9:** The parties shall file their Second Amended Filings. The parties may file some or all of their submission under seal, provided that if they elect to do so, they file a motion to seal by no later than 7 days after their filing. Either party (or a third party) may file a motion to seal third-party materials relating to portions of certain documents that either party intends to attach to its Second Amended Filings that include any material that third parties have designated as confidential, to the extent that the third parties have not provided permission to file that information publicly.

- **30 days after filing of the Second Amended Filings**: The parties shall file responses to the Second Amended Filings. The parties may file some or all of their submission under seal, provided that if they elect to do so, they file a motion to seal by no later than 7 days after their filing. Either party (or a third party) may file a motion to seal third-party materials relating to portions of certain documents that either party intends to attach to its Second Amended Filings that include any material that third parties have designated as confidential, to the extent that the third parties have not provided permission to file that information publicly.

- **21 days after filing of responses to the Second Amended Filings**: The parties shall file replies to support their Second Amended Filings. The parties may file some or all of their submission under seal, provided that if they elect to do so, they file a motion to seal by no later than 7 days after their filing. Either party (or a third party) may file a motion to seal third-party materials relating to portions of certain documents that either party intends to attach to its Second Amended Filings that include any material that third parties have designated as confidential, to the extent that the third parties have not provided permission to file that information publicly.

**B.    Humana's Statement**

1. <u>Process for Submission of Rule 1.9 Evidence</u>.  Walgreens proposes the piecemeal submission of unidentified documents to the Court without the necessary context that only briefing can provide, two months before the first brief on Rule 1.9 would be filed.  Humana respectfully disagrees and submits that this case, and specifically submission of evidence related to the Rule 1.9 dispute, should proceed according to traditional legal process: with the parties' briefs to the Court citing the pertinent evidence drawn from a complete record.  Under this well-established process, the Court can consider the evidence in the context of the issues as framed by the parties'

substantive arguments set forth in their Rule 1.9 briefs. This is the established procedure for motions for partial summary judgment, and although this is not technically such a motion, it fulfills a similar function and that procedure provides an orderly framework for this case. Moreover, Walgreens' proposal for early submission of evidence produced in the D.C. Superior Court Action substantially prejudices Humana. Unlike the Walgreens attorneys who have litigated that case for over two years, Humana and its lawyers have not seen any of the evidence produced in that action. For all of these reasons, as well as to reduce inefficiency and the risk of prejudice, Humana believes that the evidence related to the Rule 1.9 issue should be submitted with the Rule 1.9 briefs at the agreed dates in the jointly proposed schedule.

2. <u>Briefing of Petition to Vacate/Motion to Confirm</u>. Humana requests that the Court reinstate Walgreens' Amended Petition to Vacate and Humana's Amended Motion to Confirm (together, the Amended Filings) before discovery or further briefing. As it presently stands, there is no petition on file to define the issues in dispute and the scope of allowable discovery. It is like a case with no complaint. Humana is concerned that this creates unnecessary ambiguity and potential inefficiencies. With respect to briefing on the petition to vacate and motion to confirm, Humana proposes that once the Court has ruled on the Rule 1.9 issue, the parties proceed directly to responsive briefs on the issues raised in the petition and motion on file with no need to file a second amended petition and motion. To the extent that the Rule 1.9 issue ruling affects the scope of the cross-petitions, it can be adequately addressed in the following two rounds of briefing. Of course, if after the Court resolves the Rule 1.9 issue, it believes that the parties should file second amended petitions, then this schedule can be adjusted to so provide. Humana's proposed rule for briefing the filings is as follows:

- **Instanter: Walgreens' Amended Petition to Vacate and Humana's Amended Motion to Confirm (<u>Amended Filings</u>) are reinstated.**

- **30 days after the Court Rules on the Rule 1.9 Issue**: **The parties shall file responses to the Amended Filings.** The parties may file some or all of their submission under seal, provided that if they elect to do so, they file a motion to seal by no later than 7 days after their filing. Either party (or a third party) may file a motion to seal third-party materials relating to portions of certain documents that either party intends to attach to its Amended Filings that include any material that third parties have designated as confidential, to the extent that the third parties have not provided permission to file that information publicly.

- **30 days after filing of responses to the Amended Filings: The parties shall file replies to support their Amended Filings.** The parties may file some or all of their submission under seal, provided that if they elect to do so, they file a motion to seal by no later than 7 days after their filing. Either party (or a third party) may file a motion to seal third-party materials relating to portions of certain documents that either party intends to attach to its Amended Filings that include any material that third parties have designated as confidential, to the extent that the third parties have not provided permission to file that information publicly.

* * *

Pursuant to LCvR 7(m), counsel for the parties discussed this motion via email and telephone, as well as with Crowell's counsel, and all counsel consent to the jointly requested relief.

The parties will submit to Your Honor a proposed order as to the jointly proposed dates and would be glad to submit a revised proposed order following the June 14 status conference.

Dated: June 14, 2023                          Respectfully submitted,


                                              By */s/ Selina Coleman*

                                              Selina P. Coleman (D.C. Bar No. 991740)
                                              Frederick Robinson (D.C. Bar No. 367223)
                                              David A. Bender (D.C. Bar No. 1030503)
                                              REED SMITH LLP
                                              T: 202-414-9200
                                              1301 K Street N.W.
                                              Suite 1000 – East Tower
                                              Washington, D.C. 20005

Michael S. Leib (admitted *pro hac vice*)
T: 212-521-5400
REED SMITH LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022

*Counsel to Walgreens*


*/s/ Scott C. Solberg* (With Permission)
Scott C. Solberg (Pro Hac Vice)
Benjamin E. Waldin (D.D.C. Bar No. IL0061)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, Illinois 60604
Tel: 312-660-7600
Email: ssolberg@eimerstahl.com
Email: bwaldin@eimerstahl.com


Robert B. Gilmore (D.C. Bar No. 492424)
STEIN MITCHELL BEATO & MISSNER LLP
2000 K Street, N.W., Ste. 600
Washington, D.C. 20005
Tel: 202-737-7777
Email: rgilmore@steinmitchell.com

*Counsel for Respondents Humana Health Plan, Inc., Humana Insurance Company and Humana Pharmacy Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2023, a true and correct copy of this document was filed via the Court's CM/ECF system and thereby served on Respondents' counsel of record.

*/s/ Selina Coleman*
Selina P. Coleman