**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WALGREEN CO., *Petitioner,* v. HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY; and HUMANA PHARMACY SOLUTIONS, INC., *Respondents.* | Civil Action No. 1:22-cv-00307-ACR |

**PETITIONER WALGREEN CO.'S BRIEF REGARDING
THE PRECLUSIVE EFFECT, IF ANY, OF A DECISION ON
D.C. RULE OF PROFESSIONAL CONDUCT 1.9
IN THIS COURT OR THE D.C. SUPERIOR COURT**

The Court asked the parties to brief two related issues: (1) what effect a ruling by this Court on the Crowell & Moring LLP (Crowell) conflict issue under Rule 1.9 of the D.C. Rules of Professional Conduct (Rule 1.9) would have on the D.C. Superior Court case if this Court rules first and, alternatively, (2) what effect a ruling by the D.C. Superior Court on the Rule 1.9 issue would have on this case if that court rules (or a jury reaches a verdict) first. Walgreens' assessment of this complex issue is that if this Court issues a ruling on the Rule 1.9 issue that is necessary to the ultimate judgment on Walgreens' undue means claim, that ruling, except in rare circumstances, would have preclusive effect in the other case, but only upon a final judgment being entered in this case. The same is true if the D.C. Superior Court rules first on the Rule 1.9 issue and enters a judgment in that case. However, if either court decides the Rule 1.9 issue without rendering a final judgment on the merits, the decision will not have preclusive effect.

## I.     FACTUAL BACKGROUND

As Walgreens alleges in its Second Amended Petition to Vacate (Dkt. 65), Crowell solicited Humana Health Plan, Inc., Humana Insurance Company, and Humana Pharmacy Solutions, Inc. (Humana) to bring claims against Walgreen Co. (Walgreens), alleging that Walgreens should have reported its Prescription Savings Club (PSC) prices as its usual and customary (U&C) prices to Humana. In February 2021, during the arbitration of these claims in the District of Columbia, Walgreens brought to Crowell's attention that Crowell had previously represented Walgreens on a substantially related matter concerning the effect of Walgreens' PSC on Walgreens' U&C prices. *See* Dkt. 30-7 at 2 (Corrected Final Award (originally issued Mar. 28, 2023), *Humana Health Plan, Inc. v. Walgreen Co.*, Arbitration Case No. 01-19-0002-5131) (Award). Crowell refused to withdraw from representing Humana in the arbitration.

1

In light of Crowell having switched sides and solicited Humana to file suit against Walgreens, Walgreens filed a complaint against Crowell in the D.C. Superior Court in February 2021, which it amended in April 2021, based, in part, on Crowell's violation of Rule 1.9, seeking monetary and nonmonetary remedies, including on the grounds of breach of fiduciary duty, breach of contract, and unjust enrichment.  Dkt. 30-4, ¶¶ 57-79, 87-112 (First Am. Compl. (Apr. 6, 2021), *Walgreen Co. v. Crowell & Moring LLP*, Civ. Action No. 2021 0861 (Super. Ct. D.C.)).  Recently, the D.C. Superior Court granted Walgreens permission to amend its complaint to bring claims that Humana aided and abetted Crowell's breach of fiduciary duty and that Humana and Crowell engaged in a civil conspiracy.  Dkt. 89-1, ¶¶ 170-93 (Sec. Am. Compl. (June 15, 2021), *Walgreen Co. v. Crowell & Moring LLP*, Civ. Action No. 2021 0861 (Super. Ct. D.C.)).  That case is still pending with discovery ongoing.

Here, Walgreens seeks to vacate the Award in the arbitration on multiple grounds, including that Crowell's switching sides in violation of its Rule 1.9 obligations and soliciting Humana to sue Walgreens on the same issue about which Crowell previously advised Walgreens means the Award was procured by "undue means"—especially given that Humana continued to have Crowell act as its counsel even after becoming aware of Crowell's ethical conflict.  Dkt. 65 ¶¶ 25-28.

After the Court raised a potential issue under Rule 1.7 of the D.C. Rules of Professional Conduct, Crowell withdrew from representing Humana in this case.  Following Crowell's withdrawal, however, the Court asked Crowell whether it wished to file a limited appearance in this case for purposes of addressing the "conflict issue."  *See* June 14, 2023 Hearing Tr. at 13:24- 14:24.  On July 13, 2023, Crowell's counsel filed a limited appearance "for the limited purpose of litigating the issues of whether Crowell & Moring LLP's representation of the Humana entities in

the underlying arbitration . . . was conflicted [under Rule 1.9] and whether Walgreen Co. waived the right to assert any such conflict as a basis to vacate the award in that arbitration." *E.g.*, Dkt. 73.

On June 7, 2023, this Court asked the parties to address:

[T]he interplay of what happens if [the Court] rule[s] on the conflict question before the D.C. Superior Court addresses that issue either through summary judgment, or at trial through a jury. If I do it first, what is the impact of that on the D.C. Superior Court proceedings? If the Superior Court judge rules or the jury makes a ruling, what's the impact of that on what I can do?

*See* June 7, 2023 Hearing Tr. at 33:2-6. This brief addresses those questions.

## II. LEGAL STANDARD

Although the D.C. Circuit and District of Columbia frame their standards for issue preclusion slightly differently, they take similar approaches. In the D.C. Circuit, an issue has preclusive effect in a later case as follows:

First, the same issue . . . must have been contested by the parties [in the prior case] and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Acosta v. Dist. of Columbia*, Civ. Action No. 20-1189 (RC), 2021 U.S. Dist. LEXIS 47347, at *9-10 (D.D.C. Mar. 15, 2021) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). Moreover, the issue must have been decided in a "valid and final judgment." *Id.*

D.C. courts have similarly held that issue preclusion applies when:

(1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum.

3

*Franco v. Dist. of Columbia*, 3 A.3d 300, 304 (D.C. 2010) (quoting *Modiri v. 1342 Rest. Grp., Inc.*, 904 A.2d 391, 394 (D.C. 2006)).

"A determination ranks as necessary or essential only when the final outcome hinges on it." *Proctor v. Dist. of* Columbia, 74 F. Supp. 3d 436, 453 (D.D.C. 2014) (quoting *Bobby v. Bies*, 556 U.S. 825, 835 (2009)). This requirement "serves to prevent preclusion based on mere dictum or other portions of the judgment which were not necessary to the judgment." *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 172 (D.D.C. 2006) (citation omitted). Moreover, a judgment is considered final if it "includes any prior adjudication of an issue that is determined to be sufficiently firm to be accorded conclusive effect." *Colvin v. Howard Univ.*, 257 A.3d 474, 483 (D.C. 2021) (citation omitted). In addition, "[i]t is well established that a lower court judgment may have preclusive effect despite the lack of appellate review." *Martin v. DOJ*, 488 F.3d 446, 455 (D.C. Cir. 2007) (citations omitted); *Acosta*, 2021 U.S. Dist. LEXIS 47347, at *15 n.5 (acknowledging that a judgment may be final despite a pending appeal) (citations omitted).

As for evaluating whether a party had a full and fair opportunity to litigate the issue in the prior case, "the D.C. Circuit has been primarily concerned with whether 'the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude.'" *Proctor*, 74 F. Supp. 3d at 453 (quoting *Yamaha*, 961 F.2d at 254).

Finally, a court evaluating the availability of issue preclusion "must apply the preclusion law of the forum of the precluding decision." *Eagle-Picher Indus., Inc. v. Am. Emp'rs Ins. Co.*, 557 F. Supp. 225, 227 (D.D.C. 1983).

### III.   ANALYSIS

As set forth below, the analysis of whether issue preclusion applies to a Rule 1.9 ruling is slightly different depending on which court issues a final judgment first. We will address each

situation in turn, starting with the one in which this Court rules on the Rule 1.9 issue first, which is more likely as this Court has scheduled a hearing on the Rule 1.9 issue on November 8-9, 2023.[1] A decision tree illustrating the considerations is provided below:



---

[1] The D.C. Superior Court action is unlikely to be resolved before this Court rules on the Rule 1.9 issue. A new judge has just been assigned to the matter, as noted in the parties' July 17, 2023 notice, discovery remains ongoing, and the parties have contemplated further extensions. Dkt. 43-1, ¶ 5 (Sullivan Decl.); Dkt. 89 at 1-3 (Joint Update). Before the D.C. Superior Court granted Walgreens leave to file its Second Amended Complaint, Crowell's counsel estimated that discovery would not close until "at least the beginning of September" 2023, with trial commencing in January 2025 at the earliest. *Id.* ¶¶ 7, 9; *see also* Dkt. 89 at 1-3. Even still, January 2025 was "likely optimistic." Dkt. 43-1, ¶ 9. Accounting for Walgreens' Second Amended Complaint, Crowell's counsel stated that he "would not expect trial to even commence in the Superior Court case before February 2026 at the earliest." ¶ 16.

### A. Ruling by this Court First

If this Court rules first, issue preclusion cannot apply until the ruling on the Rule 1.9 issue is bound into a final judgment. Although this Court has said it would address the Rule 1.9 issue before addressing whether to confirm or vacate the arbitration Award, the Court has suggested that it is likely to rule on the entire case in the second quarter of 2024. Thus, this Court is likely to reach a final judgment before there is a final judgment on the Rule 1.9 issue in the Superior Court. A final judgment that involves the Rule 1.9 issue does not mean that the ruling necessarily will have preclusive effect, however. Those considerations are outlined below.

First, because Crowell is appearing in this Court for the purpose of litigating the issue of whether its representation of Humana in the arbitration was conflicted under Rule 1.9, it is a party to the proceeding for purposes of the Rule 1.9 issue and, therefore, issue preclusion applies to it if this Court finds a Rule 1.9 violation, provided that all other conditions for the doctrine's application exist. *See Mexichem Fluor, Inc. v. EPA*, 760 Fed. App'x 6, 8 (D.C. Cir. 2019) (citing *Cutler v. Hayes*, 818 F.2d 879, 887-90 (D.C. Cir. 1987)). As Walgreens is a party to both cases, issue preclusion could potentially apply to it in the event the Court rules against Walgreens on the Rule 1.9 issue.

Second, the preclusive nature of a Rule 1.9 finding would depend, in part, on whether the ruling was necessary to the judgment. As stated above, if a ruling is dicta or was "not necessary to the judgment," it would not have preclusive effect. *Rogers*, 466 F. Supp. 2d at 172. For example, if the Court finds a violation of Rule 1.9, but also rules that the Award cannot be vacated on the basis of any Rule 1.9 finding regardless, Crowell may argue that the Rule 1.9 ruling was not "necessary to the judgment." Conversely, if the Court finds no violation of Rule 1.9, but also rules that the Award cannot be vacated on the basis of any Rule 1.9 finding regardless, Walgreens

may argue that the Rule 1.9 ruling is not "necessary to the judgment." Thus, while the parties (and the D.C. Superior Court) would need to analyze any ruling to determine its preclusive nature, it is possible that this exception may come into play.

Third, Walgreens has asserted multiple grounds for the Court to vacate the Award. Under D.C. Circuit precedent, if the Court ruled in Walgreens' favor on multiple bases, including the Rule 1.9/undue means issue, that Rule 1.9 ruling could still have preclusive effect. In *Yamaha Corp. of Am. v. United States*, the D.C. Circuit found that "a judgment based alternatively upon two determinations, either of which alone would be sufficient to sustain it, is an effective adjudication as to both grounds, and is collaterally conclusive as to both." 961 F.2d at 255 (quoting James Wm. Moore, Jo Desha Lucas, & Thomas S. Currier, 1B Moore's Federal Practice ¶ 0.441[2], at 729 (1998)). There is an exception to this rule, however. Although it is true that a judgment is considered final even if an appeal is pending (*see Acosta*, 2021 U.S. Dist. LEXIS 47347, at *15 n.5), in the event the D.C. Circuit affirms on only one of the multiple grounds on which this Court rules in Walgreens' favor, then issue preclusion would apply only as to the issue on which the appellate court ruled. *See Yamaha*, 961 F.2d at 255 (citations omitted).

Fourth, the losing party would have an opportunity to argue that issue preclusion would "work a basic unfairness." *Acosta*, 2021 U.S. Dist. LEXIS 47347, at *9 (citation omitted). This argument may be countered by the fact that Walgreens, Crowell, and Humana would have already had an opportunity and incentive to fully litigate both cases. *Id*. at *13.

Finally, if this Court rules on the Rule 1.9 issue and reaches judgment first, the D.C. Superior Court would be required to apply this Court's preclusion rules in deciding whether issue preclusion applies. *Eagle-Picher Indus., Inc.*, 557 F. Supp. at 227.

7

## B.     Ruling by the D.C. Superior Court First

In the unlikely event that the D.C. Superior Court rules on the Rule 1.9 issue and reaches a final judgment before this Court, the preclusion considerations would be similar, although not identical, to those discussed above.

First, because Humana is now a defendant in the D.C. Superior Court case and has an incentive to fully litigate the Rule 1.9 issue (because a finding that there was no Rule 1.9 violation would defeat Walgreens' aiding and abetting claim against Humana) issue preclusion would apply to Humana in this Court, provided that all of the other conditions for the doctrine's application exist.  The same is true for Walgreens.

Second, the preclusive nature of a Rule 1.9 finding would depend, in part, on whether the ruling "was essential to the judgment."  *Walker v. FedEx Office & Print Servs.*, 123 A.3d 160, 164 (D.C. 2015) (citation omitted).  For example, if the D.C. Superior Court were to find a Rule 1.9 violation, but also find that Walgreens waived its claims, then Humana could argue that the Rule 1.9 ruling was not "essential to the judgment."  Conversely, if the D.C. Superior Court did not find a Rule 1.9 violation, but also finds that Walgreens waived its claims, Walgreens may argue that the Rule 1.9 ruling was not "essential to the judgment."  Thus, while this Court (and the parties) would need to analyze any ruling to determine its preclusive nature, this exception may come into play.

Third, unlike the rule in this Court, if a judgment in the D.C. Superior Court is based on multiple grounds, "either of which standing independently would be sufficient to support the result, the judgment [is] not conclusive with respect to either issue standing alone."  *Carr v. Rose*, 701 A.2d 1065, 1073 (D.C. App. Ct. 1997) (quoting Restatement (Second) of Judgments § 27, cmt. i).  That said, if there were an appeal and the D.C. Court of Appeals upheld only the Rule 1.9 decision

8

as one of the alternative grounds, the issue would then acquire preclusive effect. *Id.* Thus, this Court (and the parties) would need to analyze any ruling to determine its preclusive effect.

Fourth, a losing party would still have an opportunity to argue that it did not have "a full and fair opportunity" to litigate the issue (*Walker*, 123 A.3d at 164), although this seems unlikely to have any bearing here.

Finally, as stated above, in the event the D.C. Superior Court rules on the Rule 1.9 issue and reaches judgment first, this Court would be required to apply the D.C. Superior Court's preclusion rules in deciding whether issue preclusion applies. *Eagle-Picher*, 557 F. Supp. at 227. However, its ruling would not have preclusive effect unless and until it is bound in a final judgment on the merits.[2]

## IV.   CONCLUSION

For the reasons set forth above, issue preclusion would likely apply to a Rule 1.9 ruling by the first court to reach the issue and a judgment, although it would depend on various factors.

Dated: July 18, 2023                                    Respectfully submitted,

                                                               **WALGREEN CO.**

                                                               */s/ Selina Coleman*
Selina Coleman (D.C. Bar No. 991740)
Frederick Robinson (D.C. Bar No. 367223)
Megan F. Engel (D.C. Bar No. 1010488; *Pro Hac Vice*)
David A. Bender (D.C. Bar No. 1030503)
REED SMITH LLP
T: 202-414-9200
1301 K Street N.W.
Suite 1000 – East Tower
Washington, D.C. 20005

---

[2] Regardless of which Court rules first, Walgreens reserves its right to argue that issue preclusion applies or does not apply.

Michael S. Leib (*Pro Hac Vice*)
REED SMITH LLP
T: 212-549-4235
599 Lexington Avenue, 22nd Floor
New York, NY 10022

*Counsel for Petitioner Walgreen Co.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of July, 2023, a true and correct copy of this document was filed via the Court's CM/ECF system and thereby served on all counsel of record.

/s/ *Selina Coleman*
Selina Coleman

11