## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WALGREEN CO.

           Petitioner,

        v.

HUMANA HEALTH PLAN, INC.
HUMANA INSURANCE COMPANY, and
HUMANA PHARMACY SOLUTIONS, INC.,

           Respondents.

Case No. 1:22-cv-307-ACR

### CROWELL & MORING LLP'S STATEMENT IN ADVANCE OF STATUS CONFERENCE

The Court stated, in its September 2 Minute Order, that the November hearing will cover: (1) whether Crowell violated Rule 1.9 of the D.C. Rules of Professional Conduct; (2) whether Crowell breached its fiduciary duties to and/or its contract with Walgreens; (3) whether this Court lacks subject-matter jurisdiction to consider Crowell's alleged violations; and (4) whether Walgreens waived its arguments regarding Crowell's actions.  Minute Order (Sept. 2, 2023).

Crowell & Moring LLP submits this Status Conference Statement, in advance of the September 12, 2023 Status Conference, to lay out jurisdictional and prudential concerns raised by the November 8–9 hearing as described in the Court's Minute Order.

### I.  The Court Cannot Reach the Merits of the Rule 1.9 Allegations Because that Was an Arbitrable Issue that Walgreens Chose Not to Arbitrate

Crowell respectfully submits that this Court lacks the authority to address Walgreens' Rule 1.9 allegations, as previewed in Crowell's pre-motion conference notice, Dkt. 99, and as will be more fully explained in Crowell's forthcoming motion to dismiss.  Under governing law, the Court has "no power" to address issues delegated to arbitration.  *Henry Schein, Inc. v. Archer*

& *White Sales, Inc.*, 139 S. Ct. 524, 529–31 (2019); *Commc'ns Workers of Am. v. AT&T Inc.*, 6 F.4th 1344, 1348–49 (D.C. Cir. 2021).  The D.C. Court of Appeals recently confirmed that the parties delegated the arbitrability of Walgreens' Rule 1.9 allegations to the arbitrator.  Under *Henry Schein* and *Communications Workers*, the Court lacks jurisdiction to decide the question of arbitrability.  And, because the Court cannot decide the issue of arbitrability, which is an "antecedent" question, *Commc'ns Workers*, 6 F.4th at 1348, it cannot proceed to decide the merits, *see also LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 878–79 (D.C. Cir. 2021).  For these reasons, which will be developed more fully in Crowell's forthcoming motion to dismiss, Walgreens' petition to vacate should be dismissed to the extent it relies on the Rule 1.9 allegations.

The Court's authority must be resolved before proceeding to any hearing on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  "[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  Without jurisdiction, the Court must "stay its hand" with respect to deciding the merits of the Rule 1.9 issue.  *See Commc'ns Workers*, 6 F.4th at 1348.  Crowell is aware of no exception to this rule.

## II.     Walgreens' Claims for Breach of Fiduciary Duty and Breach of Contract Are Not Before This Court and Should Not Be Part of Any Hearing or Ruling Here

The Court's most recent Minute Order says that the November hearing will now also address whether "Crowell breached its fiduciary duties to and/or its contract with Walgreens." This issue is not raised by the petition forming the basis for this matter, and the Court has no

statutory authority or constitutional jurisdiction to address it.

> **A.    Addressing a claimed breach of fiduciary duty or breach of contract violates the basic principle of party presentation.**

Walgreens' petition to vacate is brought solely under 9 U.S.C. § 10.  Nowhere in that petition does Walgreens allege that Crowell's breach of "fiduciary duties to and/or its contract with Walgreens" compels vacatur under the FAA.  Dkt. 65.  Walgreens instead alleges, in support of its "undue means" basis, that Crowell violated its "ethical obligations to Walgreens as its former client" and Humana's award was therefore procured by "undue means."  *Id.* ¶ 27 (referring also to "ethical duties"); *compare* D.C. Rules of Prof'l Cond., Scope, cmt. 4 ("[N]othing in the Rules or associated Comments or this Scope section is intended to confer rights on an adversary of a lawyer to enforce the Rules in a proceeding other than a disciplinary proceeding.").  The only reference to "fiduciary duty" in the petition is Walgreens' footnote reference to ongoing litigation in D.C. Superior Court, where Walgreens advances a breach of fiduciary duty claim under D.C. law against Crowell.  Dkt. 65 ¶ 7 n.1.  In collateral estoppel briefing, Crowell already noted this distinction, explaining that the breach of fiduciary duty and breach of contract issues are not part of the Rule 1.9 analysis.  Dkt. 90 at 3 n.2.  Whether Crowell breached fiduciary duties running to Walgreens or a contract with Walgreens is not a question presented by Walgreens' petition to vacate under the FAA.

For the Court to adjudicate claims not raised in Walgreens' petition would depart "so drastically from the principle of party presentation as to constitute an abuse of discretion." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1578 (2020) (vacating and remanding to address "the case shaped by the parties rather than the case designed by the appeals panel"); *see also id.* at 1579 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring)) (courts "do not, or should not, sally forth each day looking for wrongs to right").

A court must instead "decide only questions presented by the parties." *Sineneng-Smith*, 140 S. Ct. at 1579.

**B.      Addressing a claimed breach of fiduciary duty or breach of contract by Crowell—nowhere relied on as a basis for vacatur by Walgreens—would deprive this Court of diversity jurisdiction and offend basic notions of federalism.**

The Court invited Crowell's participation in these proceedings to address the Rule 1.9 allegations raised in Walgreens' petition to vacate.  Hearing Tr. at 15:9–19, June 14, 2023. Walgreens stated its non-objection to such participation. *Id.* at 16:1.  Crowell's participation related to the Rule 1.9 issue aligns with Humana's interest in defending against Walgreens' petition to vacate, because Walgreens relies on purported *ethical* violations by Crowell to vacate Humana's award.  Dkt. 65 ¶ 27.

If the Court were to consider Walgreens' contract and fiduciary duty claims against Crowell, however, that would make Crowell an *indispensable* third party and divest the Court of subject-matter jurisdiction.  Crowell and Walgreens are not diverse from one another because Crowell has Illinois partners and, as a partnership, has the citizenship of all of its partners.  *Boyd v. Kilpatrick Townsend & Stockton, LLP*, 79 F. Supp. 3d 153, 157 n.1 (D.D.C. 2015).  But as long as Crowell is not an indispensable party its participation here does not divest the Court of diversity jurisdiction.  *In re Olympic Mills Corp.*, 477 F.3d 1, 12 (1st Cir. 2007); *see Muhammad v. Rana*, 2010 WL 8971796, at *2 (D.D.C. Mar. 23, 2010) (applying *Olympic Mills*); *see also West Flagler Assocs., Ltd. v. Haaland*, 71 F.4th 1059, 1070–71 (D.C. Cir. 2023) (setting forth indispensability test under Rule 19).

If the Court addresses only those bases raised by Walgreens to vacate the award, Crowell is most likely not "indispensable."  *See, e.g.*, *Dennis v. Wachovia Sec., LLC*, 429 F. Supp. 2d 281, 290 (D. Mass. 2006) (finding an arbitral co-defendant was not "indispensable" in post-

arbitral district court proceedings).  By contrast, the Court's present framing of the upcoming hearing proposes to address breach-of-fiduciary-duty and breach-of-contract claims against *Crowell alone*, without any connection to the bases alleged by Walgreens to vacate Humana's award.  Absent any connection to a valid basis for vacatur, only Crowell would have an interest in defending against allegations of breach of contract and breach of fiduciary duty, making Crowell an indispensable party.  If indispensable, Crowell's presence would destroy diversity and compel dismissal for lack of jurisdiction.

The Court's expressed plan is also at odds with federalism and the limited role of federal courts.  Walgreens' fiduciary duty and contract claims against Crowell are before the D.C. Superior Court, where they have been actively litigated for more than two years.  Those proceedings provide Crowell with the procedural safeguards of an entire trial—and, with it, antecedent procedural and dispositive motions available to Crowell—and protect Crowell's Seventh Amendment right to a jury trial.  These rights and safeguards cannot be replaced with procedures compressed to fit within the "summary" confines of a proceeding under the FAA.

Neither the Constitution nor the diversity jurisdiction statute (28 U.S.C. § 1332) confers authority to adjudicate state-law disputes between non-diverse litigants, particularly when resolving such disputes is unnecessary to the relief requested and would interfere with ongoing state proceedings.  Diversity jurisdiction confers upon federal courts only the authority to decide "questions of state law whenever necessary to the rendition of a judgment" and only when "jurisdiction is properly invoked."  *Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943). Not only is resolution of state-law questions of fiduciary duty and breach of contract wholly unnecessary for rendering a vacatur determination, jurisdiction cannot exist as between non-diverse litigants Walgreens and Crowell.

Nor does the FAA authorize federal courts to adjudicate any and all collateral issues that bear any possible relation to an arbitration.  *Cf. Am. Bar Ass'n v. F.T.C.*, 430 F.3d 457, 469 (D.C. Cir. 2005) ("To find this interpretation deference-worthy, we would have to conclude that Congress not only had hidden a rather large elephant in a rather obscure mousehole, but had buried the ambiguity in which the pachyderm lurks beneath an incredibly deep mound of specificity, none of which bears the footprints of the beast or any indication that Congress even suspected its presence.").  No constitutional or statutory authority permits Walgreens to invoke the power of the Court to adjudicate state-law questions of fiduciary duty and breach of contract.

## III.   Even if It Had Jurisdiction, the Court Should Not Reach the Merits of the Rule 1.9 Allegations Before Resolving Potentially Dispositive Legal Issues

Crowell recognizes that the Court has insisted upon ruling on the Rule 1.9 issues without regard to any threshold, antecedent, or dispositive issue.  Hearing Tr. at 42:12–15, June 1, 2023. Even assuming the Court has authority to reach the merits of the Rule 1.9 issue, several considerations strongly militate against doing so.  So that its position is clear for the Court to consider, Crowell sets forth here the reasons the Court should not adjudicate the Rule 1.9 issue.

### A.   Proceedings to confirm or vacate an arbitration award are intended to be speedy and summary.

Adjudication—if any—of the merits of Walgreens' Rule 1.9 allegations should be consolidated into a single hearing and single ruling with the other bases alleged by Walgreens in support of vacatur.[1]  Such a consolidated and streamlined adjudication accords with the FAA's prescription of "summary and speedy procedures."  *Moses H. Cones Mem'l Hosp. v. Mercury*

---

[1] Crowell supports consolidation of argument on Rule 1.9 issues with other issues *only if* the Court denies Crowell's anticipated motion to dismiss and otherwise determines that the Court has sufficient authority and jurisdiction to rule on the merits of Walgreens' Rule 1.9 allegations and only if the Court determines that the Rule 1.9 issue is critical to resolution of the motions before it.

*Constr. Corp.*, 460 U.S. 1, 27 (1983).  The FAA supplies judicial authority *only* for a "limited review" of final arbitration awards based on the exclusive statutory grounds identified in 9 U.S.C. § 10.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588–90 (2008).  As the FAA mandates that applications to vacate an arbitration award must be made and heard "in the manner provided by law for the making and hearing of motions," 9 U.S.C. § 6, limited judicial review must be sought through "streamlined treatment as a motion," *Hall St.*, 552 U.S. at 582, and most certainly not as sprawling civil litigation.

The proposed proceedings are the type of "full-bore legal and evidentiary appeal[]" rejected by the Supreme Court as antithetical to "arbitration's essential virtue of resolving disputes straightaway." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568–69 (2013) (quoting *Hall St.*, 552 U.S. at 588).  At the Court's instruction, Walgreens styles its Second Amended Petition to Vacate in the form of a typical pleading under Rule 8, even though such an approach is contrary to 9 U.S.C. § 6 and disfavored as a practice.  *See Contech Constr. Prods., Inc. v. Heierli*, 764 F. Supp. 2d 96, 105–06 (D.D.C. 2011) (identifying the statutory prescription for a motion as the "exclusive means" for vacatur but declining, in its discretion, to dismiss an erroneously styled "petition").  Walgreens has also enjoyed the rare benefit of post-arbitration discovery under the Federal Rules of Civil Procedure, which courts reject when, as here, the alleged undue means were "'discovered' during the course of the arbitration" and brought to the attention of the arbitrator.  *See ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*, 961 F. Supp. 2d 245, 261 (D.D.C. 2013) (denying such discovery as a "delaying tactic").

To adjudicate Walgreens' Rule 1.9 allegations in a standalone hearing and decision would continue a marked departure from the strict statutory boundaries prescribed by the FAA (9 U.S.C. §§ 6, 10) and policed by the Supreme Court.

**B.      Dispositive threshold legal issues will render a decision on the merits of the Rule 1.9 allegations unnecessary.**

In addition to the Court's lack of authority to address the Rule 1.9 issue under the FAA, *see Commc'ns Workers*, 6 F.4th at 1348–49, several other threshold issues render resolution of the Rule 1.9 allegations unnecessary.  First, even if a Rule 1.9 violation occurred, such a violation would not compel vacatur because Walgreens waived or forfeited that argument by voluntarily choosing not to raise the Rule 1.9 allegations in a formal objection in arbitration. *See, e.g.*, *Rsch. & Dev. Ctr. "Teploenergetika," LLC v. EP Int'l, LLC*, 182 F. Supp. 3d 556, 567 (E.D. Va. 2016) (reiterating long-settled principle that a petitioner "cannot remain silent," raise "no objection during the course of the arbitration proceeding," and then "complain of a situation of which he had knowledge from the first").  Second, a Rule 1.9 violation could not compel vacatur on the basis of "undue means," because the alleged violation was "not only discoverable, but actually discovered, during the course of the arbitration."  *ARMA*, 961 F. Supp. 2d at 258 (citing *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992)); *see also Petruss Media Grp., LLC v. Advantage Sales & Marketing, LLC*, 2023 WL 5507306, at *14 (D.D.C. Aug. 25, 2023) (by declining to raise a fraud or undue means basis in arbitration, the petitioner "waived their right to raise it here").  Third, even if Crowell violated Rule 1.9, a *lawyer's* conflict cannot compel the conclusion that the *party*—Humana—procured an arbitration award by "undue means."  *See, e.g.*, *Am. Postal Workers Union v. U.S. Postal Serv.*, 52 F.3d 359, 362 (D.C. Cir. 1995) (requiring "undue means" to "be limited to an action *by a party* that is equivalent in gravity to corruption or fraud" (emphasis in original)); *see also PaineWebber Grp. v. Zinsmeyer Trs. P'ship*, 187 F.3d 988, 991 (8th Cir. 1999) (recognizing circuits have "uniformly construed the term undue means as requiring proof of intentional misconduct").  Any other result would give a huge windfall to the wrongdoer here—

Walgreens—and would penalize Humana, which had no knowledge of the facts underlying Walgreens' allegations of a conflict.

Each of these dispositive issues renders resolution of the Rule 1.9 allegations unnecessary to adjudication of Walgreens' petition to vacate.

### C. No authority justifies or compels a standalone Rule 1.9 hearing divorced from a complete consideration of Walgreens' other arguments for vacatur.

When Crowell represented Humana in these proceedings, the Court relied expressly on its inherent authority to address the Rule 1.7 issue of Crowell's continuing representation. Hearing Tr. at 7:23–8:22, June 1, 2023.  Crowell withdrew from its representation of Humana in these proceedings and therefore eliminated any ongoing question of disqualification that had to be resolved before the Court could proceed.  Dkts. 49–54.  The Rule 1.9 issue remains solely as a retrospective argument embedded within Walgreens' request to vacate the arbitration award. Dkt. 65 ¶ 27.  No need or justification exists to sequence the Rule 1.9 issue before the resolution of Walgreens' other bases for vacatur, particularly given the other dispositive obstacles to reaching the Rule 1.9 issue altogether.

The FAA's summary proceedings nowhere envision a freestanding, de novo inquiry into retrospective questions of professional responsibility whose resolution will likely prove unnecessary to the narrow question of vacatur.  Crowell objects to this approach and will continue to object to this approach as unnecessary, unauthorized, and unprecedented.

### IV. Suggestion for Possible Structure for November Hearing

Crowell understands that the Court is not inclined to continue the November hearing.  To that end, and in light of the above, we would urge that the Court, prior to any hearing addressing the merits of the Rule 1.9 allegations, (1) address whether the Court has jurisdiction to address those issues, (2) clarify that the Court will not adjudicate breach-of-fiduciary-duty or breach-of-

contract claims against Crowell, and (3) evaluate the antecedent issues that would make isolated evaluation of the Rule 1.9 allegations inappropriate.

*          *          *

Crowell respectfully submits this statement to articulate the serious obstacles precluding the November hearing as currently constituted.  Crowell looks forward to discussing these issues, and other issues the Court may deem appropriate, at the status conference.  Crowell is also prepared to brief these issues in further detail as the Court may find appropriate.

DATED: September 8, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

/s/ *Bethany W. Kristovich*

Thomas G. Connolly (D.C. Bar No. 420416)
Thomas B. Mason (D.C. Bar No. 413345)
Jared Marx (D.C. Bar No. 1008934)
William B. Sullivan (D.C. Bar No. 1020486)
Matthew G. Miller (D.C. Bar No. 161866)
HWG LLP
1919 M Street NW, Eighth Floor
Washington, DC 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
    tconnolly@hwglaw.com
    tmason@hwglaw.com
    jmarx@hwglaw.com
    wsullivan@hwglaw.com
    mmiller@hwglaw.com

Donald B. Verrilli (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW,
Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100
    Donald.Verrilli@mto.com
    Ginger.Anders@mto.com

Brad D. Brian (pro hac vice)
Bethany W. Kristovich (pro hac vice)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
    Brad.Brian@mto.com
    Bethany.Kristovich@mto.com