**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| WALGREEN CO., <br><br> *Petitioner,* <br><br> v. <br><br> HUMANA HEALTH PLAN, INC.; HUMANA INSURANCE COMPANY; and HUMANA PHARMACY SOLUTIONS, INC., <br><br> *Respondents.* |

Civil Action No. 1:22-cv-00307-ACR

**WALGREENS' NOTICE OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO CROWELL'S MOTION TO DISMISS**

Pursuant to Section 7(d) of the Court's Standing Order, Walgreens submits this notice of supplemental authorities before the January 25, 2024 hearing, which support arguments that Walgreens previously briefed.  *See* Dkt. 127, at 18 ("The fact that Crowell has no right to bring this Motion is underscored by its failure to cite any authority—not a rule, case, law review article, or anything else—that would allow it to move for dismissal of claims brought not against itself, but against its former client, Humana.").  They also respond to Crowell's argument that the Court has "an affirmative obligation to examine, *sua sponte*," Rule 19's application to this matter, Dkt. 137, at 17, as no party has briefed the impact of Federal Rule of Civil Procedure 81(a)(6)(B) on that analysis.

Walgreens intends to cite to Rule 81; 9 U.S.C. §§ 6, 9, 10, 11, and 12; *Booth v. Hume Publishing, Inc.*, 902 F.2d 925 (11th Cir. 1990); *Intervest International Equities Corp. v. Michael and Patricia Aberlich*, No. 12-CV-13750, 2013 U.S. Dist. LEXIS 45678 (D. Mich. Mar. 29, 2013); and *Greenhouse Holdings, LLC v. Int'l Union of Painters & Allied Trades Dist. Council 91*, Civil Action 4:21-CV-00029-JHM (Dkt. 27) (W.D. Ky. Nov. 18, 2021) (Ex. 1).  At the hearing,

Walgreens will explain how these authorities demonstrate that Rule 19's application to this case, as Crowell proposes, is contrary to the language and purpose of the Federal Arbitration Act and is thus prohibited by Rule 81(a)(6)(B).

Walgreens provides this Notice to minimize any prejudice or inconvenience to the Court and to counsel.  Walgreens advised Crowell's counsel of its intent to file this Notice, and counsel has indicated that will oppose this filing and the presentation of these arguments.  The parties have discussed the possibility of supplemental briefing; however, Crowell confirmed today it is not interested in discussing an agreed schedule for filing short, supplemental briefs on this issue.  *See* Ex. 2 (11/17/2023 email).  Walgreens continues to believe the Court will benefit from the filing of short, supplemental briefs on this issue, either before or after oral argument.

Dated: November 17, 2023                    Respectfully submitted,

**WALGREEN CO.**

*/s/ Frederick Robinson*
Frederick Robinson (D.C. Bar No. 367223)
Selina Coleman (D.C. Bar No. 991740)
Megan F. Engel (D.C. Bar No. 1010488; *Pro Hac Vice*)
David A. Bender (D.C. Bar No. 1030503)
REED SMITH LLP
T: 202-414-9200
1301 K Street N.W.
Suite 1000 – East Tower
Washington, D.C. 20005

Michael S. Leib (*Pro Hac Vice*)
REED SMITH LLP
T: 212-549-4235
599 Lexington Avenue, 22nd Floor
New York, NY 10022

Courtney R. Forrest (D.C. Bar No. 996740)
William E. Zapf (D.C. Bar No. 987213)
Stephen Gilson (D.C. Bar No. 1022855)
Sarah Fink (D.C. Bar No. 166663)
KaiserDillon PLLC
T: 202-640-2850
1099 14th Street, N.W.
8th Floor West
Washington, D.C. 20005

- 3 -

Randall W. Jackson (D.C. Bar No. 490798)
Alexandra P. Sadinsky (*Pro Hac Vice*)
Wachtell, Lipton, Rosen & Katz
T: 212-403-1000
51 West 52nd Street
New York, NY 10019

*Counsel for Petitioner Walgreen Co.*

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th day of November, 2023, a true and correct copy of this document

was filed via the Court's CM/ECF system and thereby served on all counsel of record.


<u>*/s/ Frederick Robinson*</u>
Frederick Robinson