UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WALGREEN CO.**<br>200 Wilmot Road<br>Deerfield, Illinois 60015<br><br>    *Petitioner*,<br><br>  v.<br><br>**HUMANA HEALTH PLAN, INC.;**<br>**HUMANA INSURANCE COMPANY; and**<br>**HUMANA PHARMACY SOLUTIONS, INC.**<br>500 West Main Street<br>Louisville, Kentucky 40202<br><br>    *Respondent*s. | Civil Action No. 1:22-cv-00307<br>The Hon. Ana C. Reyes |

**HUMANA'S REPLY TO WALGREENS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO CROWELL'S MOTION TO DISMISS**

  Walgreens' supplemental brief contends that as a nonparty, Crowell cannot invoke Rule 19, and further that the rule cannot apply to this proceeding. The argument is wrong and the brief adds nothing. Walgreens' insistence on litigating the merits of its fiduciary duty and contract claims against Crowell in this action deprives the Court of diversity jurisdiction. Humana fully agrees with and joins in Crowell's motion to dismiss, which should be granted.

  *First*, Walgreens is incorrect that Crowell's nonparty status deprives the Court of the ability to consider Crowell's argument. As Walgreens seems to concede at the end of its brief, Dkt. 160 at 5, the issue goes to the Court's jurisdiction and thus the Court is obliged to consider the point regardless of whether any litigant has submitted it. Beyond that, Crowell's status as a nonparty is irrelevant because Humana has joined Crowell's argument, so the point *is* being raised by a party.

*Second*, Walgreens' argument is incorrect on its own terms. Walgreens' theory is that under Rule 81, the FAA's rules of procedure displace those of the Federal Rules; that Section 6 of the FAA requires vacatur applications to be made by motion by a party to the arbitration; and therefore that it would be "inconsistent with the language and the intent of the FAA" to permit a nonparty such as Crowell to be "parties to a petition to vacate or modify an arbitral award." Dkt. 160 at 2. The conclusion does not follow from the premise. Rule 81 states that "[t]hese [Federal Rules], to the extent applicable, govern proceedings under the following laws, except as [the FAA] provide[s] *other procedures*." Fed. R. Civ. P. 81(a)(6), -(B) (emphasis added). The FAA does not provide "other procedures" for addressing whether a nonparty is necessary or indispensable to a post-arbitration vacatur proceeding, and thus there is no FAA procedure to displace. It is also immaterial that FAA vacatur proceedings are brought by motion rather than a Rule 7(a) pleading, because whether a person is necessary or indispensable to a lawsuit is logically independent of the procedural mechanism by which the lawsuit is initiated.

*Third*, for the avoidance of doubt, Humana wishes to make clear that it joins in full Crowell's dismissal argument under Rule 19. As Walgreens makes abundantly clear in its response to Humana's and Crowell's prehearing briefs, Dkt. 151, it has no interest in fully litigating the § 10(a)(1) undue means claim that is actually at issue in its vacatur application. Walgreens unabashedly says so, scolding Humana for "skipping to the merits claim without grappling with Crowell's ethical misconduct." Dkt. 151 at 1–2. What Walgreens really wants is a finding of liability on the breach of fiduciary claim at issue in the D.C. Superior Court—*a claim that Walgreens has never presented in <u>this</u> Court and which it admits is not necessary to its undue means claim*—and thereby to use this proceeding to supplant the Superior Court Action and the associated hassle of having to persuade a jury. Walgreens purports in a footnote to disclaim any

2

such desire, *id*. at 3 n.1, but that is disingenuous.  The point of pressing forward with a breach of fiduciary duty claim is to bring about expressly that which Crowell warns about in its dismissal reply brief: "given that the fiduciary-duty and contract theories are the very claims asserted in Superior Court, there is a substantial risk that Crowell would face collateral estoppel in Superior Court."  Dkt. 137 at 10.  Humana therefore agrees that Crowell is a necessary and indispensable party.  Walgreens' choice to pursue its Superior Court fiduciary duty and contract claims in this action deprives this Court of diversity jurisdiction.[1]

*Finally*, Humana respectfully reiterates its request that the Court rule on the motion to dismiss before proceeding with an evidentiary hearing.  It is a more efficient way to proceed than holding an evidentiary hearing that may be mooted by dismissal.  In the alternative, the Court should deny Walgreens' undue means application on the independent dispositive grounds previously set forth by Humana.  *See generally* Dkt. 133 at 2–4.

Dated: December 8, 2023

Respectfully submitted,

/s/ *Scott C. Solberg*
Scott C. Solberg (Pro Hac Vice)
James W. Joseph (Pro Hac Vice)
Gregory M. Schweizer (Pro Hac Vice)
Caroline P. Malone (Pro Hac Vice)
Benjamin E. Waldin (D.D.C. Bar No. IL0061)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, Illinois 60604
312-660-7600
ssolberg@eimerstahl.com
jjoseph@eimerstahl.com
gschweizer@eimerstahl.com
cmalone@eimerstahl.com
bwaldin@eimerstahl.com

---

[1] Dismissal is further warranted on the ground that the Court lacks authority to adjudicate the Rule 1.9 issue because that was for the arbitrator to decide in the first instance.  *See generally* Dkt. 112-1 at 6–10, Dkt. 126 at 2.

Robert B. Gilmore (D.C. Bar No. 492424)
STEIN MITCHELL BEATO & MISSNER LLP
2000 K Street, N.W., Ste. 600
Washington, D.C. 20005
202-737-7777
rgilmore@steinmitchell.com

*Counsel for Respondents Humana Health Plan, Inc., Humana Insurance Company and Humana Pharmacy Solutions, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2023, I caused true and correct copies of the foregoing document to be served by ECF on all parties.

/s/ *Scott C. Solberg*